99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary FIELDS, Plaintiff-Appellant,
v.
Marvin RUNYON, Defendant-Appellee.
 No. 95-3987.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1996.
 
 Before: SUHRHEINRICH, DAUGHTREY, and GIBSON[1], Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Gary Fields was employed as a mailhandler by the United States Postal Service. Plaintiff's job required him to perform various physical tasks. As the result of non job-related activities, plaintiff became permanently disabled while still employed as a mailhandler. The Postal Service then dismissed plaintiff from his job. Plaintiff challenged his dismissal as a violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 et seq.. The Merit Systems Protection Board (MSPB) and the Equal Employment Opportunity Commission (EEOC) both reviewed plaintiff's claim and held that no violation occurred. The district court, after a de novo trial, also concluded that no violation occurred. For the reasons which follow, we AFFIRM the district court decision.
 
 
 2
 The Rehabilitation Act protects from dismissal those handicapped individuals who can perform the "essential functions" of their jobs, with or without reasonable accommodation from their employers. School Bd. of Nassau County v. Arline, 480 U.S. 273, 288 n. 17 (1987). Whether a task constitutes an "essential function" of an individual's job is an issue for the factfinder. Tuck v. HCA Health Services of Tennessee, Inc., 7 F.3d 465, 471 (6th Cir.1993) (citing Hall v. United States Postal Service, 857 F.2d 1073, 1074 (6th Cir.1988)). We review the district court's findings of fact under a clearly erroneous standard. Pesterfield v. Tennessee Valley Auth., 941 F.2d 437, 440 (6th Cir.1991). After reviewing the facts in this case, including eyewitness testimony and medical reports, we conclude that the district court did not err in determining that plaintiff could not perform the essential functions of his position, with or without a reasonable accommodation by the Postal Service.
 
 
 3
 Plaintiff also challenges the Postal Service's policy of placing those employees injured on-the-job in positions compatible with their disabilities. Plaintiff claims that this policy, which differentiates between those employees injured on-the-job and those injured off-the-job, violates a general anti-discrimination principle embodied within the Rehabilitation Act. However, the Postal Service employs this policy in accordance with the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101, et seq, not the Rehabilitation Act. FECA establishes a general worker's compensation program which guarantees government employees injured on-the-job the right to receive immediate, fixed benefits. Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 194 (1983). FECA does not confer additional protection upon those individuals injured off-the-job, such as plaintiff, nor does it alter the protection provided by the Rehabilitation Act. The Postal Service's policy of accommodating those individuals injured on-the-job merely enables the Postal Service to cut its losses by obtaining some productivity from employees it must pay under FECA anyway. After reviewing the Postal Service policy in light of the Rehabilitation Act, we conclude that the policy in no way violates the Act's explicit provisions.
 
 
 4
 Plaintiff also argues that the trial court erred by admitting the findings of the MSPB and the EEOC into evidence. He claims that admission of those findings unfairly prejudiced the jury. However, a district court may admit "[p]rior administrative findings made with respect to an employment discrimination claim ... as evidence at a federal sector trial de novo." Chandler v. Roudebush, 425 U.S. 840, 863 n. 39 (1976). In this case, the court admitted the findings, coupled with an instruction informing the jury that the findings could be disregarded in their entirety. The court also included a general instruction informing the jury that only they (the jury) were the triers of the facts. After reviewing these instructions in their entirety, we conclude that any potential prejudice from admission of the administrative findings was adequately cured by the instructions. Therefore, the district court did not abuse its discretion in admitting the findings.
 
 
 5
 Plaintiff also contends that the court made numerous errors in charging the jury. These alleged errors relate primarily to definitions of terms at issue in the case. After reviewing the jury instructions as a whole, we are satisfied that no error was committed.
 
 
 6
 Finally, plaintiff argues that the trial court abused its discretion by quashing two subpoenas duces tecum issued to Postal Service employees on the eve of trial. These subpoenas sought documents allegedly entitled to protection under the Privacy Act, 5 U.S.C. § 552(a).
 
 
 7
 It is not an abuse of discretion to quash a subpoena served after the discovery deadline. Buhrmaster v. Overnite Trans. Co., 61 F.3d 461, 464 (6th Cir.1995), cert. denied, 116 S.Ct. 785 (1996); Ghandi v. Police Dep't, 747 F.2d 338, 354 (6th Cir.1984). In this case, discovery had well passed when the request for the documents issued. In quashing the subpoena, the district court noted that earlier request for the documents would have allowed for full discussion of the potential privacy issues involved and an in-camera inspection of the records sought. After reviewing the context of the request, we conclude that the court did not abuse its discretion in quashing the subpoenas.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The Honorable John R. Gibson, United States Court of Appeals Judge for the Eighth Circuit, sitting by designation